UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD T. BOWER, et al., | ) | CASE NO. 1:16CV1429 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| ZOUNDS HEARING FRANCHISING, LLC, et al., | ) ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #16) of Defendants, Zounds Hearing Franchising, LLC and Zounds Hearing, Inc. ("Zounds"), to Deny Joinder of Non-Diverse Defendant and Dismiss Plaintiffs' Amended Complaint, or, in the alternative, to Sever Plaintiffs, Dismiss Count I of the Amended Complaint and Transfer Case to Arizona. For the following reasons, the Court transfers the above-captioned case to the United States District Court for the District of Arizona for further adjudication of all pending matters.

**I. BACKGROUND**

In their First Amended Complaint (ECF DKT #14), Plaintiffs allege that they entered into Franchise Agreements in 2013 with Zounds to operate hearing centers in the state of

Ohio. They paid up to $40,000 each for their franchises. Plaintiffs claim that Zounds violated the disclosure and other requirements of the Ohio Business Opportunity Purchasers Protection Act ("OBOPPA"), R.C. § 1334.01, *et seq*. They also claim that Zounds failed to provide any Plaintiff with the required five-day right to cancel. Plaintiffs seek an Order confirming their right to rescind the Franchise Agreements and further seek to recover statutory damages, treble damages and attorney fees.

Each Franchise Agreement contains a forum selection clause, which applies to claims other than for injunctive relief and which provides as follows:

> [T]he parties agree any actions arising out of or related to this Agreement ***must*** be initiated and litigated in the state court of general jurisdiction closest to Phoenix, Arizona or, if appropriate, the United States District Court for the District of Arizona. Franchisee acknowledges that this Agreement has been entered into in the State of Arizona, and that Franchisee is to receive valuable and continuing services emanating from Franchisor's headquarters in Arizona, including but not limited to training, assistance, support and the development of the System. In recognition of such services and their origin, Franchisee hereby irrevocably consents to the personal jurisdiction of the state and federal courts of Arizona as set forth in this Section. (Emphasis added.)
> (§ 22E, ECF DKT #13.)

The Franchise Agreements also provide for the governing law:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Arizona, without reference to Arizona's conflict of laws principles. (§ 22A, ECF DKT #13)

Plaintiffs do not allege, nor argue, that the forum selection clause is invalid or unenforceable or that the clause was obtained by fraud, duress or other unconscionable means.

## II. LAW AND ANALYSIS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The court is typically required to consider the private interests of the parties, their convenience and the convenience of potential witnesses, as well as public-interest concerns, such as systemic integrity and fairness. Then, the court must decide whether, on balance, a transfer would promote the interests of justice. *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988).

However, when a valid and enforceable forum selection clause evidences the parties' intent to bring an action in a particular federal district, the forum selection clause must be given "controlling weight in all but the most exceptional circumstances." *Atlantic Marine Construction Co. Inc. v. United States District Court for the Western District of Texas, et al.*, 134 S.Ct. 568, 581 (2013). In addition,

> when parties agree to a forum selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum ... As a consequence, a district court may consider arguments about public-interest factors only. *Atlantic Marine*, 134 S.Ct. at 568.

The Supreme Court focused on valid and enforceable forum selection clauses that protect the parties' "settled expectations" whether mandatory *or* permissive. *Id*. at 583. "[T]he interest of justice is served by holding parties to their bargain." *Id*.

The Court need not discuss private-interest factors because they are presumed to favor the preselected forum. *Id*. at 582. Pursuant to the choice of law provision in the Agreement, the public-interest factor of "having the trial in a forum that is at home with the state law that must govern the case" does not militate against transfer because the Arizona federal jurists

are more than capable of handling this matter under Arizona contract law, and applying the OBOPPA, should they deem that statute is applicable. Moreover, the Court finds that judicial economy and docket congestion do not weigh significantly in favor of either jurisdiction.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #16) of Defendants, Zounds Hearing Franchising, LLC and Zounds Hearing, Inc., is granted in part and the above-captioned case is transferred, pursuant to *Atlantic Marine*, to the United States District Court for the District of Arizona for further adjudication of all pending matters.

**IT IS SO ORDERED.**

                                        **s/ Christopher A. Boyko**
                                        **CHRISTOPHER A. BOYKO**
                                        **United States District Judge**

**Dated: March 7, 2017**